SIDNEY CARDONER, an Infant under the Age of Fourteen Years, by His Guardian ad Litem, ROSE CARDONER, Respondent, *v.* ST. GEORGE PAVING CORPORATION, Appellant, Impleaded with UNITED STATES TRUCKING CORPORATION, Defendant.

First Department, June 21, 1934.

*August P. Klein* of counsel [*Desmond T. Barry* and *Joseph E. Kinsley* with him on the brief; *Bacon & Tippett*, attorneys], for the appellant.

*Bernard Braun* of counsel [*Harry Dimin*, attorney], for the respondent.

MARTIN, J. The judgment appealed from was obtained by the plaintiff against the defendant, St. George Paving Corporation, upon the theory that the plaintiff was injured because of the negligence of that defendant.

On April 21, 1927, the defendant, appellant, was awarded a contract by the city of New York for the " Repaving with granite blocks on a concrete foundation the roadway of Brook Avenue from E. 132nd Street to E. 137th Street and from E. 139th Street

to Westchester Avenue, and setting curb where necessary together with all work incidental thereto." Work under that contract began during the early part of June, 1927, and while it was in progress on July 1, 1927, the infant plaintiff was injured. This action was then brought to recover damages and a judgment was entered upon the verdict of a jury for the sum of $10,000 and this appeal has been taken therefrom.

The complaint here is undoubtedly based on the theory of negligence. After alleging that the defendant, appellant, and another defendant were engaged in paving work and had piled materials on the public highway it sets forth:

"*Sixth.* * * * that defendants were bound to anticipate that such materials would be attractive to the children playing upon the streets and it became their duty to pile the same with reasonable care, so as not to be liable to fall from the play of children thereon and thereabouts. * * *

"*Eighth.* That the infant plaintiff, then a child of ten years of age, on the 1st day of July, 1927, played upon the said street and went upon the said pile of materials. That the same thereupon collapsed solely through the aforesaid negligence of the defendants in not piling it with reasonable care and said infant plaintiff was thrown and injured as hereinafter more particularly described."

The infant plaintiff was seventeen years old at the time of the trial. He testified that at the date of the accident he was eleven years of age and that he then lived in the apartment house on the southeast corner of East One Hundred and Thirty-sixth street and Brook avenue. At about eleven o'clock on July 1, 1927, he was on the stoop of his home and remained there for about an hour. At about noon time he seated himself alongside a friend named Meyer Besselman *on two curbstones in front of his stoop,* facing his house. He remainded there for about a half hour. His testimony as to how he was injured is as follows: " Q. Now, what happened? A. Well, I was sitting on this pile of stones talking to Meyer Besselman, and then it just went blank on me, just like that. Q. Well, will you tell me where at that time your right hand was placed? A. My right hand, I was leaning on my right hand and I held it behind me. I was sort of resting on my right hand. Q. How was its position with respect to the edge of the stones on which you were sitting? A. It would be very hard to give the position exactly. Q. Well, was it near or far from the edge would you say, or don't you remember that? A. I don't remember where it is — I wasn't looking at my hand, I just held it behind me. Q. And then you know that something fell on your hand, do you? A. I don't know that something fell on my hand. I just went blank."

That is the only explanation which the plaintiff made as to the happening of the accident. His friend, Meyer Besselman, who was with him at the time, corroborated his statements. He said that he and the plaintiff were seated on the two curbstones talking to a girl when the plaintiff screamed and the witness saw the infant plaintiff's hand between two rocks. A woman named Nan Rainess, who lived in the same house as the plaintiff, testified that she was standing on the stoop and heard the plaintiff scream and saw that his hand was caught. She accompanied the plaintiff and his mother to the hospital.

The plaintiff and the two witnesses, Meyer Besselman and Nan Rainess, testified that there were stones of all descriptions and sizes as well as sand and dirt on the sidewalk; that close to the spot where the boys were sitting there was a pile of stones placed one on top of the other at random. Mrs. Rainess said that after the boy had been injured this particular pile had " tumbled down."

It was contended by the defendant, appellant, upon the trial that it was not liable for the accident to the plaintiff, and that its work did not extend down the side street (East One Hundred and Thirty-sixth street) to a point in front of the stoop of the corner house where the plaintiff says he was injured. The testimony is that the defendant's work carried it only twelve feet into East One Hundred and Thirty-sixth street and that the place where the boy was injured was about fifty feet from the corner of Brook avenue.

Caleb Huntley, an inspector of public works, Borough of Bronx, testified that the paving work of the defendant, appellant, extended only twelve feet into East One Hundred and Thirty-sixth street; that there was no material of any kind owned or maintained by the appellant on that street on July 1, 1927, or on any other day and that there were no pieces of granite on the sidewalk of that street at any time before or after the accident.

Daniel Keohane, police officer, whose post included the scene of the alleged accident and covered Brook avenue, stated that on the day of the accident there were no building materials, paving materials, stones, gravel, sand or paving blocks on the sidewalk of East One Hundred and Thirty-sixth street.

Merritt D. Spencer testified that he was the superintendent on the paving job in question, and that at the time of the trial he was not connected with the appellant; he said that at no time were any materials of the appellant, either sand, rocks, stones, paving blocks or anything else, put on the sidewalk or on the roadway of East One Hundred and Thirty-sixth street.

Martin J. Myles testified that at the time of the accident he was employed by the defendant, appellant, as a timekeeper and at the

time of the trial was secretary of the concern. He said that no work was done on East One Hundred and Thirty-sixth street or any other side street, with the exception of twelve feet from the curb lines of Brook avenue; that at no time were any materials of the appellant on the sidewalk or highway of East One Hundred and Thirty-sixth street. This witness testified that between the hours of twelve and one o'clock of the day of the accident he was standing on Brook avenue on the east side of the street between One Hundred and Thirty-fifth and One Hundred and Thirty-sixth streets when the plaintiff came along accompanied by a man. The witness was talking to a police officer. The man who accompanied the plaintiff asked the officer to get an ambulance as the boy's fingers were bleeding. After looking at the hand of the plaintiff the officer said: "That ain't nothing. It's only a scratch. Go down to the drug store." The man and boy then turned and went up toward East One Hundred and Thirty-sixth street. The witness said he did not know where or how the boy cut his hand.

The defendant, appellant, contends that there is no proof of negligence on its part; that the overwhelming weight of the evidence is in favor of the appellant; that there is a fatal variance between the plaintiff's pleading and proof and that the verdict is excessive. There is no proof in the record that the alleged pile of stones was placed on the sidewalk by the appellant or any one for whose acts it is responsible; there is no proof that the appellant had actual knowledge of the insecure position of the stones in the alleged pile. It is argued that there is no proof that the condition was created by it or had existed for a sufficient period of time to charge the appellant with knowledge thereof or that the insecure or dangerous character of the pile of stones, if it existed, was the proximate cause of the accident.

In support of its contention that there is a variance between the pleading and the plaintiff's proof, the defendant, appellant, points out that the complaint, while in negligence, tends toward the theory of attractive nuisance and alleges that while the plaintiff "played upon the said street and went upon the said pile of materials" it collapsed, whereas the proof submitted by the plaintiff is that the child was not playing on the materials but was merely sitting on two curbstones. It is also pointed out that the plaintiff's attorney was undoubtedly of the opinion that there was a variance between the proof and the pleading for he moved upon the trial to amend, but the court denied the motion.

To further support its contention that it is not responsible for the injuries to the plaintiff, the appellant relies upon the hospital record which contains a statement setting forth how the plaintiff

was injured. It says that while " trying to pick up a large stone, dropped it on his right hand, crushed distal phalanges of index and middle fingers." It is claimed by the appellant that this hospital record was filled out from facts which were given by the plaintiff, his mother and a Mrs. Rainess who said she " transacted all of this business " there and that someone had asked her " how it happened." That report undoubtedly sets forth the actual cause of the plaintiff's injury.

In addition to the fact that this verdict is against the overwhelming weight of the evidence and that there was no negligence of the defendant proved upon the trial, we have the further fact that a verdict in the sum of $10,000 was returned by the jury in a case where a plaintiff stayed but two days in a hospital and lost no time from school. The only injury sustained was confined to two or at most three fingers. While it is true that there is a shortening of one-quarter of an inch in the middle finger, the size of the verdict alone is evidence that this jury was swayed by passion and prejudice in returning such a verdict for the plaintiff.

The case contains many features that lend support to the argument that it is without merit; especially in view of the inconsistent theories advanced as the cause of the accident and the fact that the street in front of the house where plaintiff now claims he was injured was not being repaired by the appellant. There is no proof of actual or constructive notice; no proof of negligence or nuisance or evidence that the defendant had anything to do with creating a condition which it is now claimed existed on that street.

The judgment should be reversed, with costs, and the complaint dismissed, with costs.

FINCH, P. J., O'MALLEY, TOWNLEY and GLENNON, JJ., concur.

Judgment reversed, with costs, and complaint dismissed, with costs.